**Kenneth L. GREEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9202–CR–39.

Court of Appeals of Indiana, Third District.

June 17, 1992.

Transfer Denied July 29, 1992.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Green of burglary and he declined to take a direct appeal. Two years later he petitioned pursuant to PC 2 for permission to file a belated praecipe and the court denied relief. This appeal followed.

Green contends the court erred in failing to conduct a hearing upon his petition and abused its discretion in denying relief. We disagree.

■ PC 2, § 1 permits the filing of a belated praecipe upon a showing that the failure to file a timely praecipe was not due to the fault of the defendant, and the defendant has been diligent in requesting permission to file a belated praecipe.

■ The rule does not require the court to conduct a hearing, but we have determined that one should be held where the petition raises a genuine factual dispute concerning the existence of grounds for relief. *Robinson v. State* (1986) Ind., 493 N.E.2d 765, 767. Moreover, we hold that in determining the existence of a genuine dispute the court is entitled to consider the court's records in the case. A petitioner may not create a genuine factual dispute simply by the expedient of averring that what he previously said was untrue or that he was unadvised of something where the record clearly establishes the contrary. *Gaboury v. Ireland Rd. Grace Br. Ch.* (1983) Ind., 446 N.E.2d 1310. (This, of course, is not to say that a petitioner may not set up a matter cognizable in avoidance of what the record establishes as having occurred.)

■ Green argues that the failure to file a timely praecipe was not due to his fault because he was unaware that the time lines discussed at his sentencing were absolute, that he would not be able to pursue an ordinary appellate remedy once the time for appeal expired, and that failure to appeal would amount to a waiver of the issues that might have been raised.

In denying the petition without hearing, the court noted the advice to Green at sentencing and his response:

> Court: ... In accordance with the Rules of Indiana Procedure, the court now informs and advises you as follows: That you are entitled to challenge the judgment of conviction but in order to do so you must file a motion to correct errors within sixty days of today. That you are entitled to take an appeal from the judgment and sentencing in this case, but if you wish to do so, you must file a prae-

cipe designating what is to be included in the proceedings on appeal within sixty days after sentencing or thirty days after the court's adverse ruling on the motion to correct errors, if any is filed. *Failure to timely file either of these motions or the praecipe will result in a forfeiture of your right to appeal.* If you are financially unable to employ an attorney, the court will appoint counsel for you at public expense for the purpose of filing the motion to correct errors and for taking an appeal in this case. *Do you have any questions concerning your rights of appeal?*

A: *No, sir.*

Court: Do you wish to file a motion to correct errors or otherwise take steps to pursue an appeal in this case?

A: *No, sir.*

Green's petition raises no genuine factual issue that the failure to file a timely praecipe was not due to his fault. Therefore, the court did not err in summarily denying the petition.

Affirmed.

STATON and BUCHANAN, JJ. concur.