Gregory BEAUDRY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 03A01–0105–CR–169.

Court of Appeals of Indiana.

Feb. 27, 2002.

David M. Henn, Stowers Weddle & Henn, P.C., Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Gregory Beaudry ("Beaudry") appeals the trial court's denial of his petition to file a belated appeal.

We affirm.

### ISSUE

Whether the trial court abused its discretion in denying Beaudry's Petition For Leave To File Belated Praecipe For Appeal.

### FACTS

The facts most favorable to the judgment reveal that on July 28, 1990, Beaudry went to a local bar to discover whether the woman with whom he was having an extramarital affair was cheating on him. When he confronted her at the bar, she attempted to leave. Beaudry gave chase and assaulted her. Beaudry forced her into his car and confined her there at gunpoint. The victim escaped by jumping out of the moving car.

On October 8, 1990, Beaudry was charged in an amended information with criminal confinement as a class D felony and battery as a class C felony. On May 20, 1991, Beaudry executed a plea agreement with the State. He agreed to plead guilty to criminal confinement as a class D felony, the State would dismiss the remaining charge, and sentencing would be left to the trial court's discretion.

On June 18, 1991, Beaudry's sentencing hearing was held. Before sentencing, the trial court stated that it believed Beaudry to be "an intimidating and dominating" man with an explosive temper. Tr. at 78. The trial court also stated it believed Beaudry should not have access to a gun, and that Beaudry's conviction should be entered as a felony "because this is not something you should ... be able to sweep under the door and walk away from...." Tr. at 79. Because the victim was going to have a scar, the trial court felt that Beaudry should have a "scar on [his] record." Sentencing Tr. at 79. The trial court then sentenced Beaudry to a term of one-and-one-half years, suspended, with two weeks to be executed, a term of probation for one-and-one-half years, payment of $885 in

restitution to the victim, a psychological evaluation, and a $5,000 fine.

On March 23, 1992, Beaudry filed a petition to modify his sentence pursuant to Ind.Code § 35–38–1–17. Beaudry requested that the court reduce his felony conviction to a misdemeanor and reduce his fine. He was concerned that the felony conviction would prevent his continued employment as an assistant manager at K-Mart. After hearing evidence, the trial court stated that because Beaudry was no longer incarcerated, it was unaware of any statutory or case law allowing it to reduce the felony conviction to a misdemeanor; Beaudry's attorney was given the opportunity to submit additional authority and the matter was taken under advisement. On May 14, 1992, the trial court denied Beaudry's petition.

Eight years later, Beaudry filed a motion to modify his judgment of conviction on March 21, 2000. In his motion, Beaudry asserted that he had understood that he would be sentenced to a class A misdemeanor under the alternative misdemeanor sentencing statute. Beaudry requested that the trial court reduce his sentence to a misdemeanor because his felony conviction would adversely affect his ability to obtain a license as a pharmacy technician.

On May 3, 2000, a hearing was held. After hearing evidence, the trial court took the matter under advisement. On May 4, 2000, the trial court found the following: (1) at the guilty plea hearing, Beaudry was advised of the possibility of being sentenced to a class A misdemeanor; (2) that there was no agreement concerning sentencing; (3) that Beaudry indicated that no other promises were made to him; (4) that the State specifically requested conviction as a class D felony; and (5) that Beaudry did not object to the State's request. As a result, the trial court denied Beaudry's motion.

On February 7, 2001, Beaudry filed a petition for leave to file a belated appeal, and a hearing was held on April 3, 2001. At the hearing, Beaudry's counsel argued that at sentencing the trial court had improperly told Beaudry that if he pled guilty he would not be able to appeal his sentence. In addition, counsel argued that Beaudry had hired attorney Nancy Broyles ("Broyles") in June 1992 and was under the impression that she had reached an agreement with the State to reduce his felony conviction to a misdemeanor. Beaudry's counsel argued that these factors account for his delay in filing for a belated appeal. On April 4, 2001, the trial court denied his petition.

## DECISION

Beaudry appeals the trial court's denial of his petition to file a belated appeal. Specifically, Beaudry argues that the trial court improperly advised him that because he was pleading guilty, he was not entitled to appeal his conviction or sentence.

Indiana Post Conviction Rule 2(1) reads as follows:

> Where a defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The trial court shall consider the above factors in ruling on the motion.

Beaudry has the burden of proving his grounds for relief by a preponder-

ance of the evidence. *Tolson v. State*, 665 N.E.2d 939 (Ind.Ct.App.1996).

Deciding whether the defendant is responsible for the delay is within the trial court's discretion. A defendant must be without fault in the delay of filing. There are no set standards defining delay or diligence; each case must be decided on its own facts. Factors affecting the determination include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.

*Tolson*, 665 N.E.2d at 942. (citations omitted).

Here, the record reveals that at no time did Beaudry attempt to file an appeal challenging the merits of the sentence imposed by the trial court. While Beaudry, with counsel, did file a petition to modify his sentence some nine months after the trial court entered judgment, he did not appeal the trial court's denial of his petition. Subsequently, when the trial court denied his motion to modify its judgment of conviction nearly eight years later, Beaudry, again with counsel, did not appeal that denial. It was nearly ten years later when Beaudry decided to file a petition for leave to file a belated appeal, the denial of which he now challenges.

Other than the unsupported assertion that he was prejudiced by the trial court's advisement that a guilty plea would waive his right to a direct appeal, Beaudry presents no evidence that the delay in filing a direct appeal challenging the merits of his sentence was not his fault. Counsel repre-

sented Beaudry at each stage of these proceedings. The trial court properly advised Beaudry of the risk and rights he was waiving by pleading guilty; and, Beaudry stated that he wished to plead guilty and understood the risks and warnings he was given, and that sentencing discretion remained with the trial court.

█ Further, it is well settled that one of the consequences of pleading guilty is that the defendant loses the ability to challenge his *conviction* on direct appeal; post-conviction relief remains as the proper vehicle for challenging the guilty plea. *Collins v. State*, 740 N.E.2d 143 (Ind.Ct. App.2000) (emphasis added). However, "a defendant is entitled to contest the merits of a trial court's sentencing discretion where the court has exercised sentencing discretion, ...." *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind.1996). "Determining the appropriate sentence is within the trial court's discretion, and the trial court will be reversed only upon a showing of manifest abuse of discretion." *Bacher v. State*, 722 N.E.2d 799, 801 (Ind.2000).

Here, the trial court properly advised Beaudry that if he pled guilty, he could not appeal his conviction; Beaudry stated that he understood as follows:

Court: If you were to have a trial and if you were found guilty, you would have a right to appeal the conviction to either the Court of Appeals or to the Supreme Court. Do you understand that?

Beaudry: Yes, sir.

Court: By pleading guilty, you are giving up that right of appeal. Do you understand that?

Beaudry: Yes.[1]

---

1. Beaudry fails to cite to any statutory authority or case law requiring the trial court to advise a defendant who pleads guilty that the defendant has the right to appeal the sentence

imposed by the court where the court has exercised sentencing discretion. We decline to impose such a responsibility upon the trial court.

Tr. at 27–28. As we have mentioned, Beaudry was entitled to bring a direct appeal challenging the merits of the sentence, if he chose. Furthermore, the current appeal comes to this court nearly ten years after his sentence was imposed. As a result, we find that Beaudry has neither shown that his failure to file a timely appeal is due to the fault of another, nor has he shown that he has been diligent in requesting permission to file a belated notice of appeal.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.