Robert C. WELCHES, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A04–0506–CR–338.

Court of Appeals of Indiana.

March 29, 2006.

Robert C. Welches, Michigan City, Appellant Pro se.

Stephen R. Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Robert C. Welches appeals the trial court's denial of his petition for leave to file a belated notice of appeal.

We reverse and remand with instructions.

### ISSUE

The following issue is dispositive: Whether the trial court erred in denying Welches' petition for leave to file a belated notice of appeal.

### FACTS AND PROCEDURAL HISTORY

On January 5, 1995, Welches pled guilty to murder in an "open plea," and the trial court subsequently ordered him to serve a sentence of forty-two years. On December 3, 2002, the trial court denied Welches' petition for post-conviction relief.

On March 24, 2005, Welches filed a verified petition for leave to file a belated notice of appeal, which was denied on the same date. In its order denying the petition, the trial court stated the following:

> The Court notes that the defendant has fully litigated a petition for post-conviction relief. While the law now requires defendants to directly appeal any sentence imposed after a plea of guilty if that sentence was not agreed to by the parties, such was not the case when the defendant's petition was litigated. The defendant could have raised any sentencing issues that he felt were viable in his petition for post-conviction relief.

His failure to do so at that time constitutes a waiver of any sentencing issues.

Appellant's Appendix at 3. On June 7, 2005, Welches timely filed his notice of appeal to challenge the trial court's order.

## DISCUSSION AND DECISION

In *Collins v. State*, 817 N.E.2d 230 (Ind. 2004), Collins filed a petition for post-conviction relief to challenge the sentence he received after pleading guilty pursuant to an open plea. The petition was filed in February of 2000 and was denied in December of 2002. Our supreme court held that because Collins did not have the right to challenge the sentence in a post-conviction proceeding, the post-conviction court should have dismissed the petition for post-conviction relief for lack of jurisdiction "without prejudice to any right Collins may have to file a belated notice of appeal in accordance the requirements of [Indiana Post–Conviction Rule 2]." *Id.* at 233.

■ The trial court erred in ruling that Welches could have challenged his sentence in a post-conviction proceeding. As noted in *Collins*, the post-conviction court would have had no jurisdiction to consider the propriety of Welches' sentence. Welches may appeal his sentence by filing a belated notice of appeal pursuant to P–C R. 2.

The State does not challenge the applicability of *Collins* to the present case. Instead, the State argues that Welches has failed to establish that he is entitled to relief under P–C.R. 2. In support of its argument, the State cites *Beaudry v. State*, 763 N.E.2d 487, 489 (Ind.Ct.App. 2002).

Indiana Post–Conviction Rule 2, § 1, which permits a defendant to seek permission to file a belated appeal, provides in part:

Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal of the conviction may be filed with the trial court, where:

(a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(b) the defendant has been diligent in requesting permission to file a belated notice appeal under this rule.

The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a petition for permission to file a belated notice of appeal shall be conducted according to Section 5, Rule P.C. 1.

■ Although there are no set standards defining delay and each case must be decided on its own facts, a defendant must be without fault in the delay of filing the notice of appeal. *Baysinger v. State*, 835 N.E.2d 223, 224 (Ind.Ct.App.2005). Factors affecting this determination include the defendant's level of awareness of his or her procedural remedy, age, education, familiarity with the legal system, whether he or she was informed of his or her appellate rights, and whether he or she committed an act or omission that contributed to the delay. *Id.* Whether a defendant is responsible for the delay is generally a matter for the trial court's discretion. *Id.* However, where a trial court fails to hold a hearing before denying a petition requesting permission to file a belated notice of appeal, we owe no deference to the trial court's ruling. *Id.*

■ In reviewing the State's contention that Welches has failed to "prove" that he was unaware of the right to challenge his sentence by direct appeal, we must remember the procedural posture of the case. Welches was not given the benefit of an evidentiary hearing because the trial

court erroneously concluded that he had waived his right to pursue an appeal of his sentence. Welches avers in his petition that he was not advised of his right to appeal the sentence by the trial court or trial counsel and that he was not advised of the right until shortly before the filing of his petition. Indeed, the State concedes that the record contains a document, in the form of the State's proposed findings at the post-conviction hearing, indicating that the trial court failed to advise Welches of his right to challenge his sentence on direct appeal. The trial court's apparent failure to make the proper advisement, coupled with Welches' assertion that he received no advisement from his trial counsel, is sufficient to warrant a hearing to allow Welches to prove that he has met the requirements of Indiana Post–Conviction Rule 2, § 1.

In holding that Welches is entitled to a hearing on his petition, we note that on similar evidence in *Baysinger* and *Hull v. State,* 839 N.E.2d 1250 (Ind.Ct.App.2005), we reversed the trial court's denial of the defendants' petitions for permission to file a belated notice of appeal and granted permission to file the belated notices of appeal. In those cases, however, the records were more extensive than in the instant case, and the trial courts made their decisions upon the merits. Here, where the record is relatively undeveloped and the denial was not made on the merits, we cannot make a factual determination.

We further note that in *Beaudry,* the trial court denied the petition for permission to file a belated appeal on the merits after holding a hearing. Therefore, *Beaudry* is inapposite in the instant case.

## CONCLUSION

The trial court erred in denying Welches' petition on the basis that he could have raised the issue in a post-conviction proceeding. We reverse and remand with instructions that the trial court hold a hearing on Welches' petition.

Reversed and remanded.

BAKER, J., and BARNES, J., concur.