Demetrius JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0512–PC–620.

Court of Appeals of Indiana.

Aug. 23, 2006.

Demetrius Jackson, Bunker Hill, IN, pro se.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Demetrius Jackson, pro se, appeals the trial court's denial of his petition for leave to file a belated notice of appeal. He presents the following restated issue for review: Did the trial court err in denying his petition?

We reverse and remand.

On April 29, 2002, Jackson pled guilty to two counts of delivering cocaine, as class B felonies. He was subsequently sentenced to concurrent, twelve-year terms of imprisonment. Thereafter, on October 12, 2005, Jackson filed a pro se Petition for Permission to File Belated Appeal Notice, which was summarily denied on the same date. Jackson now appeals.

Our Supreme Court has made clear that an individual who enters into a guilty plea is entitled to bring a direct appeal of the sentenced imposed. *See, e.g., Childress v. State,* 848 N.E.2d 1073 (Ind. 2006); *Collins v. State,* 817 N.E.2d 230 (Ind.2004). Moreover, unlike the conviction, the sentence may not be challenged in a post-conviction proceeding. *Collins v. State,* 817 N.E.2d 230; *see also Welches v. State,* 844 N.E.2d 559, 561 (Ind.Ct.App. 2006) ("the post-conviction court would have had no jurisdiction to consider the propriety of Welches' sentence").

In the instant case, however, the trial court improperly advised Jackson at the guilty plea hearing:

> [W]hen you enter a plea of guilty you give up your right to appeal. The only way you can challenge the taking of the guilty plea, which is what we're doing right now[,] *and whatever penalty I might impose* is by the filing of what's called a post conviction relief petition which is different from an appeal cause an appeal goes right from here to Indianapolis. A post conviction relief petition starts back in the trial court....

*Appellant's Appendix* at 34 (emphasis supplied). According to Jackson's petition, trial counsel also failed to advise him of his right to appeal the sentence imposed. Jackson claims he did not discover that he had the right to appeal his sentence until sometime after our Supreme Court issued its decision in *Collins v. State* on November 9, 2004.

Although acknowledging that the trial court erroneously informed Jackson he could not appeal his sentence, the State argues that Jackson offers "nothing beyond his unsupported assertions to bolster his contention that the trial court abused its discretion in denying him leave to file a belated notice of appeal." *Appellee's Brief* at 3. Citing *Beaudry v. State*, 763 N.E.2d 487 (Ind.Ct.App.2002), the State observes that bald assertions in briefs and motions are not evidence and concludes, therefore, that Jackson has "wholly failed to carry his burden of proving his grounds by a preponderance of the evidence." *Appellee's Brief* at 4. The difficulty with the State's argument is that, unlike in *Beaudry*, Jackson did not have the benefit of a hearing in which to present evidence and argument in support of his petition to file a belated notice of appeal.

When the trial court at a guilty plea hearing does not advise the defendant that he has the right to appeal the sentence to be imposed, Indiana Post–Conviction Rule 2(1) will generally be available to the defendant. *See Collins v. State*, 817 N.E.2d 230.

Post–Conviction Rule 2 permits an individual convicted after a trial or guilty plea who fails to file a timely notice of appeal to petition for permission to file a belated notice of appeal where the failure to file a timely notice of appeal is not the fault of the individual; and the individual is diligent in requesting permission to file a belated notice of appeal. *Id.* at 233. While there are no set standards defining delay and each case must be decided on its own facts, a defendant must be without fault in the delay of filing the notice of appeal. *Welches v. State*, 844 N.E.2d 559. Factors affecting this determination include the defendant's level of awareness of his procedural remedy, age, education, and familiarity with the legal system, as well as whether he was informed of his appellate rights and whether he committed an act or omission that contributed to the delay. *Id.*

The determination of whether a defendant is responsible for the delay is generally a matter for the trial court's discretion. *Id.* Where a trial court fails to hold a hearing before denying a petition requesting permission to file a belated notice of appeal, however, we owe no deference to the trial court's ruling. *Id.; Baysinger v. State*, 835 N.E.2d 223 (Ind.Ct.App.2005). Thus, in reviewing the State's contention that Jackson has "wholly failed to carry his burden of proving his grounds by a preponderance of the evidence", *Appellee's Brief* at 4, we must remember the procedural posture of the case. *Welches v. State*, 844 N.E.2d 559. As set forth above, Jackson's petition was summarily denied and, therefore, he was not given the benefit of an evidentiary hearing.

■ Based on the limited record before us, it is apparent that the trial court not only failed to advise Jackson of his right to appeal his sentence but also expressly advised him that he could not challenge his conviction or sentence on direct appeal. This improper advisement, coupled with Jackson's assertion that trial counsel failed to inform him of his right to appeal his sentence, is sufficient to warrant a hearing to allow Jackson to prove that he has met the requirements of P–CR 2(1). *See Welches v. State,* 844 N.E.2d 559; *see also Hull v. State,* 839 N.E.2d 1250, 1253 (Ind. Ct.App.2005) ("[a] hearing on a motion to file a belated notice of appeal should be held where the motion raises a genuine factual dispute concerning the existence of grounds for relief").

In holding that Jackson is entitled to a hearing on his petition, we recognize that on similar facts in *Baysinger v. State,* 835 N.E.2d 223 we reversed the trial court's denial of the defendant's petition for permission to file a belated notice of appeal and granted permission to file the belated notice of appeal. In that case, however, the record was more extensive than in the instant case. In particular, the defendant in *Baysinger* offered his own affidavit in support of the petition,[1] along with transcripts of his guilty plea and sentencing hearings. Here, where the record is relatively undeveloped, we cannot make the necessary factual determinations, especially with regard to Jackson's diligence in seeking permission to file a belated notice of appeal after learning of the proper method for challenging his sentence. Therefore, we reverse and remand with

instruction that the trial court hold a hearing on Jackson's petition. *See Welches v. State,* 844 N.E.2d 559.

Reversed and remanded.

MATHIAS, J., concurs.

BARNES, J., dissents with separate opinion.

BARNES, Judge, dissenting.

I respectfully dissent. Although I concede the advisements given to Jackson by the trial court concerning his right to appeal were faulty, Jackson did not contest the length of his sentence for a period of three years. The Indiana Supreme Court decided *Collins,* and Jackson initiated this appeal. I simply do not think one can sit idly by for three years and then capitalize on a favorable ruling resulting in the granting of a belated appeal.

Here, the record establishes that although the trial court erroneously told Jackson he could not directly appeal any sentence imposed following his guilty plea, it did inform Jackson (again, erroneously) that he could challenge his sentence by filing a petition for post-conviction relief ("PCR petition"). Indeed, *Collins* was handed down for the purpose of clarifying that sentences following guilty pleas must be challenged by direct appeal and not by a PCR petition. Here, however, Jackson did not challenge the length of his sentence following his guilty plea for over three years, despite being told by the trial court that he could file a PCR petition if he wanted to challenge the sentence.[2] Jackson did not do so.

---

**1.** In his affidavit, Baysinger averred that trial counsel failed to inform him of his appellate rights. Moreover, Baysinger specifically averred that he did not become aware of his right to appeal his sentence until he read *Collins v. State* on January 31, 2005. Promptly thereafter, on March 1, 2005, Baysinger

sought permission to file a belated notice of appeal. *Baysinger v. State,* 835 N.E.2d 223.

**2.** The chronological case summary does indicate that Jackson filed a motion to correct erroneous sentence with the trial court, which appears to have been directed towards the

To be granted permission to file a belated appeal, a defendant has the burden of proving, by a preponderance of the evidence, that the failure to file a timely notice of appeal was not his or her fault and that he or she was diligent in requesting permission to file a belated notice of appeal. *Townsend v. State*, 843 N.E.2d 972, 974 (Ind.Ct.App.2006), *trans. denied* (citing Ind. Post–Conviction Rule 2(1)). If a defendant (1) was sentenced following a guilty plea, pre-*Collins*, (2) was not advised of his right to appeal the sentence, (3) filed, within a reasonable time of sentencing, a PCR petition seeking in part to challenge the sentence, and (4) then post-*Collins* sought to dismiss a pending PCR petition and file a belated appeal to challenge the sentence, I would agree that permission to file a belated appeal should be granted almost as a matter of course in such a situation. Diligence and lack of fault, meeting the criteria of Post–Conviction Rule 2(1), would be met under those circumstances. There may be other circumstances where the defendant diligently pursued filing an appeal but did not timely do so, due to no fault of his or her own.

*Collins*, however, should not be used to permit en masse filing of belated appeals to challenge sentences following guilty pleas, especially ones where the defendant had never previously taken steps to attempt to challenge the length of his or her sentence. In other words, *Collins* should not be invoked as an invitation to disregard the requirements of Post–Conviction Rule 2(1) regarding diligence and lack of fault. That was not the intent of our decision in *Baysinger v. State*, 835 N.E.2d 223 (Ind.Ct.App.2005).

It is clear to me that there has been a great increase in the number of defendants seeking permission to file belated appeals challenging their sentences since *Collins*. Whether that is solely because of *Collins* or because of the proximity in time of both *Collins* and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), petitions for permission to file belated appeals must be closely scrutinized so as not to allow wholesale exceptions to the State's interest in the finality of criminal proceedings.[3] I believe the trial court correctly denied Jackson's petition for permission to file a belated appeal and would affirm that decision.

court's calculation of his pre-sentencing credit time. He also at one time appears to have sought modification of his sentence from placement in the Department of Correction to a community corrections program. There is no indication Jackson has ever attempted to challenge the total length of his sentence, until now, nor did Jackson appeal the trial court's rulings on his attempts to modify his sentence.

3. This court is split on the question of whether a defendant filing a belated appeal can invoke *Blakely*, even if the sentence was imposed and the original time for filing a direct appeal passed long before *Blakely* was decided. *See Gutermuth v. State*, 848 N.E.2d 716, 730 (Ind.Ct.App.2006), *trans. pending* (holding defendant could rely on *Blakely* where he was sentenced long before *Blakely* was decided but later was granted permission to file belated appeal); *see also Fosha v. State*, 747 N.E.2d 549, 552 (Ind.2001) (stating "our rule that precludes retroactive application of new criminal rules to collateral proceedings does not apply to direct appeals brought pursuant to Post–Conviction Rule 2."); *but see Hull v. State*, 839 N.E.2d 1250, 1256 (Ind.Ct.App. 2005) (holding opposite of *Gutermuth*). This debate might be moot if the Supreme Court decides in its next term in *Burton v. Waddington*, —— U.S. ——, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006) that *Blakely* should apply retroactively in collateral proceedings.