**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 07 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**LANCE SCOTT BOUTTE**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANCE SCOTT BOUTTE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1202-CR-91 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D04-0003-CR-151

**September 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Lance S. Boutte, pro se, appeals the trial court's denial of his petition to file a belated notice of appeal.

We affirm.

<u>ISSUES</u>

1.    Whether Boutte has waived his appeal for failure to make cogent argument.

2.    Whether the trial court erred in denying Boutte's petition.

<u>FACTS</u>

In 2001, Boutte entered into an open plea after being charged for the murder of his father, the attempted murder of his mother, escape by cutting off his electronic monitoring device, and being a habitual offender.  Under the plea terms, Boutte pled guilty to the lesser offenses of voluntary manslaughter, a class A felony, and aggravated battery, a class B felony, in exchange for dismissal of the escape and habitual offender charges.  Sentencing was left to the trial court's discretion, and on July 7, 2001, the trial court sentenced Boutte to forty years on the voluntary manslaughter conviction and fifteen years on the aggravated battery count, with the sentences to be served consecutively.

On December 7, 2001, Boutte filed a petition for post-conviction relief that he later amended on February 4, 2002.  The petition alleged, among other things, that Boutte did not knowingly and voluntarily enter into the plea and that he was denied effective assistance of counsel.  On January 21, 2003, the trial court denied the petition, and on

2

February 17, 2003, the court denied Boutte's motion to correct error and motion to reconsider sentence.

On April 2, 2003, Boutte filed an appeal from the trial court's denial of his petition for post-conviction relief. On appeal, we concluded that Boutte waived review of his post-conviction claims for failure to make a cogent argument. Waiver notwithstanding, we addressed the merits of Boutte's claims and affirmed the trial court. *See Boutte v. State*, No. 02A03-0304-PC-137 (Ind. Ct. App. March 19, 2004).

On August 30, 2004, Boutte filed a motion to correct erroneous sentence, which the trial court denied on August 31, 2004. Boutte filed a motion to correct error, which the trial court denied on September 30, 2004.

On October 18, 2004, Boutte filed a notice of appeal. On December 7, 2005, this court ordered dismissal of the appeal. During the interim period between the filing of the notice of appeal and the dismissal, Boutte filed a motion for modification of sentence, which was denied on April 12, 2005.

On August 24, 2007, Boutte filed a verified petition for permission to file a belated notice of appeal. On October 29, 2007, the trial court denied the petition.

On December 7, 2011, Boutte again filed a verified petition for permission to file a belated appeal with a supporting affidavit. The petition was denied on December 16, 2011, and a consequent motion to correct error was denied on January 23, 2012. This appeal ensued.

DECISION

1. Waiver

The State contends that Boutte has waived his claim for failure to make a cogent argument. In support of its contention, the State refers to Indiana Appellate Rule 46(8)(a), which states that the argument section of a brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning." The rule further states that "[e]ach contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." A party waives an issue when he fails to comply with the requirements of App. Rule 46(8)(a). *See Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009).

Pursuant to Post-Conviction Rule 2(1), a person desiring to file a belated notice of appeal must establish that the failure to file a timely notice of appeal was not due to his fault and that the person has been diligent in requesting permission to file a belated notice of appeal under the rule. The person has the burden of proving his grounds for relief by a preponderance of the evidence. *Witt v. State*, 867 N.E.2d 1279, 1281 (Ind. 2007).

Here, the bulk of Boutte's brief refers to issues unrelated to his petition, including an alleged *Brady* violation and an alleged violation of professional rules of conduct. Indeed, the brief's conclusion refers to perjury, the level of prosecution's knowledge, and a "psych report." Boutte's Br. at 7. However, in the midst of the unrelated material is the following paragraph:

> Appellant has [an] absolute right to appeal under Article 7, Section 6 of the
> Indiana Constitution. And pursuant to the authority of [*Collins v. State*,

4

817 N.E.2d 230 (Ind. 2004)], the appellant is required to attack his sentence by way of a direct appeal. . . . Trial judge was duty [bound] to grant the petition with the motion to correct error's [sic] filed after the petition was denied. Appellant has been diligently working to perfect his PC2; with the [Collins] ruling, made it clear that a sentence must be attack[ed] in a direct appeal or waive[] sentencing issues. Failure to file a timely notice of appeal was not due to the fault of the appellant. Appendix [pp.] 77-94. And as mentioned before, just ruled stable 1-26-2012, from 2005-2012. And from 2000 until 2005[,] appellant was under Heavily [sic] sedat[ion], from the [facts] laid out in the verified affidavit submitted with Exhibit[s] and the motion to correct error filed in [the] Allen Superior Court. And with new [records] submitted in the Appendix "Exhibits" [pp.] 77-94.

Appellant's Br. at 4-5.

Although Boutte's brief is not a paragon of clarity, it does, albeit obscurely, present the basis for Boutte's claim. Accordingly, we must conclude that Boutte has not waived his claim.

2.      Propriety of Denial

As we state above, a defendant desiring to file a belated notice of appeal must show that he was not at fault in the failure to file a timely notice of appeal and that he has been diligent in requesting permission to file a belated notice. Post-Conviction Rule 2(1)(a). There are no set standards defining delay or diligence; each case must be decided on its own facts. *Beaudry v. State*, 763 N.E.2d 487, 490 (Ind. Ct. App. 2002). "Factors affecting the determination include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." *Id*. Where, as here, the trial court did not hold a hearing before denying a petition to file a belated notice of appeal, our review of

5

the court's grant or denial of the petition is de novo. *See Hull v. State*, 839 N.E.2d 1250, 1253 (Ind. Ct. App. 2005).

As we understand it, Boutte's initial claim is that he is entitled to file a belated notice of appeal because *Collins* holds that a defendant sentenced pursuant to an open guilty plea may contest his sentence via direct appeal. 817 N.E.2d at 231. However, contrary to Boutte's apparent belief, *Collins* does not require a trial court to automatically grant every request to file a belated notice of appeal. A defendant is still required to show that he meets the fault and diligence requirements of Post-Conviction 2(1)(a).

To the extent that Boutte believes that he has only recently been "ruled stable" enough to diligently pursue his petition for belated notice of appeal, we note that over the years he has filed a multitude of motions, including two motions to correct erroneous sentence, a motion to modify sentence, and a prior post-*Collins* petition for permission to file a belated appeal. In light of the number and content of these filings, we cannot say that Boutte's past instability prevented him from diligently pursuing a direct appeal of his sentence. In short, we cannot conclude that the trial court erred in denying Boutte's petition.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.