**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ROBERT B. TURNER**
Lee & Fairman, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SEGUN RASAKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1404-CR-167 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F18-1203-FD-13401

**October 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Segun Rasaki appeals the trial court's denial of his motion to correct error following the denial of his petition for permission to file a belated notice of appeal. Rasaki raises two issues which we consolidate and restate as whether the court abused its discretion in denying his motion to correct error following the summary denial of his petition for permission to file a belated notice of appeal. We reverse and remand.

FACTS AND PROCEDURAL HISTORY

The relevant facts as discussed in Rasaki's initial appeal follow:

On March 3, 2012, the State charged Rasaki with Class D felony sexual battery and Class B misdemeanor battery. The State subsequently amended the charge to include another count of Class B misdemeanor battery. A bench trial was held on September 17, 2012. At the conclusion of the evidence and argument, the trial court took the matter under advisement. On September 25, 2012, the trial court found Rasaki guilty of Class D felony sexual battery and Class B misdemeanor battery. The trial court found Rasaki not guilty of the other count of battery, concluding that it was "subsumed" by the Class D felony sexual battery conviction.

Rasaki filed a motion for extension of time on October 17, 2012, seeking an extension of time to permit his recently-hired counsel to review the record for purposes of filling [sic] a motion to correct error or a post-conviction petition. The trial court granted this request the same day, setting the sentencing hearing for November 26, 2012.

At the November 26 sentencing hearing, the trial court sentenced Rasaki to concurrent terms of 545 days on the Class D felony conviction and 180 days on the Class B misdemeanor conviction. The trial court ordered that Rasaki serve 120 days executed, 245 days of home detention through community corrections, and 180 days suspended to probation. Rasaki filed a motion to correct error that same day, claiming there was insufficient evidence to support his convictions. Rasaki then filed a petition for postconviction relief on November 27, 2012. On November 30, 2012, the trial court granted Rasaki's motion to stay sentence pending appeal. The State responded to Rasaki's motion to correct error on December 11, 2012. On February 15, 2013, the trial court denied Rasaki's motion to correct error.

Rasaki did not file a notice of appeal within thirty days of the trial court's order denying his motion to correct error, as required by Indiana Appellate Rule 9(A). According to the CCS, on March 1, 2013, Rasaki filed a motion for extension of time. The trial court ruled on Rasaki's motion on March 4, 2013, and the trial court's CCS entry for this ruling states that Rasaki's motion was "GRANTED UNTIL 4–16–13 UNTIL RULING ON PCR." Appellant's App. p. 12. The actual motion filed on March 1 and the trial court's order thereon do not appear to be in the record before us. But based on information from Rasaki's subsequent motions, it is apparent that this motion sought to extend the time for the filing of his notice of appeal.

On April 8, 2013, Rasaki filed a "Second Motion for Enlargement of Time," even though, by our count, this was actually his third motion for enlargement of time. Appellant's App. p. 55. In this motion, Rasaki acknowledged that the trial court denied his motion to correct error on February 14, 2013 and that he was therefore "required to file his Appeal within thirty (30) days of said Order." Id. The motion then states:

5. On February 28, 2013, Defendant filed a Request for Enlargement of Time within which to file his appeal pending the hearing on Defendant's Petition for Post Conviction relief which was then scheduled for March 25, 2013, at 8:30 a.m.; however all Court cases for March 25, 2013, were cancelled because all city/county offices were closed because of snow.

6. That Defendant's hearing on the Petition for Post Conviction Relief is now scheduled for April 18, 2013, at 9:30 a.m. and therefore Defendant requires additional time based upon the snow delay, as to permit the Court to rule on the Petition for Post Conviction Relief, evaluate such and file his Appeal.

7. That Defendant requests additional time until May 18, 2013, to receive and evaluate the Court's ruling following the upcoming hearing on April 18, 2013. . . .

Id.

The trial court granted Rasaki's motion for enlargement of time on April 8, 2013, and set the post-conviction hearing for April 18, 2013. The magistrate who was to preside at this hearing, however, had to recuse, and the post-conviction hearing was rescheduled for June 10, 2013.

3

Accordingly, on May 5, 2013, Rasaki filed another motion for enlargement of time, "as to permit the Court to rule on the Petition for Post Conviction Relief" and permit Rasaki to "evaluate such and file his Appeal." Id. at 58. Rasaki requested until July 10, 2013, to file his appeal. The trial court granted this motion on May 7, 2013.

On June 10, 2013, the trial court held a hearing on Rasaki's post-conviction petition, but had yet to rule on the motion as July 10, 2013, approached. Rasaki therefore filed yet another motion for enlargement of time on July 8, 2013, requesting "additional time until October 5, 2013 to evaluate [the trial court's post-conviction ruling] and file his Appeal." Id. at 62. The trial court denied this motion on July 15, 2013. Rasaki, however, had already filed a notice of appeal on July 10, 2013.

Rasaki v. State, No. 49A05-1307-CR-330, slip op. at 2-4 (Ind. Ct. App. February 18, 2014).

On appeal, this court *sua sponte* raised the issue of the timeliness of Rasaki's appeal. Id. at 4-5. We observed that Rasaki filed multiple motions for enlargement of time under Trial Rule 6(B) which applies only to time limits imposed under the Trial Rules. Id. at 5-7. We held that under Ind. Appellate Rule 9(A), his notice of appeal was due not later than thirty days after the trial court's February 15, 2013, ruling on his motion to correct error, i.e., March 18, 2013, and observed that his notice of appeal was not filed until July 10, 2013, well beyond the deadline. Id. at 7. We observed that it was apparent that Rasaki sought the extension of time so that he could first seek post-conviction relief but that if Rasaki wished to bring a petition for post-conviction relief prior to pursuing a direct appeal, the proper course of action would have been to timely file his notice of appeal and then file a Davis/Hatton motion to suspend his direct appeal during the post-conviction process.[1] Id. at 6-7. We concluded that Rasaki had forfeited

---

[1] See Hatton v. State, 626 N.E.2d 442 (Ind. 1993); Davis v. State, 267 Ind. 152, 368 N.E.2d 1149

4

his right to appeal and dismissed the appeal because Rasaki's notice of appeal was untimely. Id. at 7-8. We noted that Rasaki was not without remedy and that he may still petition the trial court for permission to file a belated notice of appeal pursuant to Post-Conviction Rule 2 if he "(1) failed to timely file a notice of appeal, (2) was not at fault for this failure, and (3) was diligent in requesting permission to file a belated notice of appeal." Id. at 7 n.2 (citing Post-Conviction Rule 2(1)(a)).

On March 7, 2014, Rasaki filed a Verified Petition for Permission to File a Belated Notice of Appeal Pursuant to Post-Conviction Rule 2. In his petition, Rasaki detailed the procedural history and actions he had taken and he alleged that he had been diligent in requesting permission to file a belated notice of appeal and that the delay did not "evidence sleeping upon one's rights." Appellant's Appendix at 108. Rasaki attached this court's decision dismissing his prior appeal. He also requested the trial court to schedule a hearing on his request. On March 11, 2014, the court denied Rasaki's petition.

On March 19, 2014, Rasaki filed a Motion to Correct Error and Request for Hearing. He argued that he had been diligent in requesting permission to file a belated notice of appeal as demonstrated by the court proceedings and pleadings and that his failure to file a timely notice of appeal was due to no fault of his own. He alleged that he was an educated person but had no previous experience with the criminal justice system or criminal laws, that he personally made no decision relative to his appeal or post-conviction petition, that he was not aware of or informed of the Rules for Post-

(1977).

Conviction Relief, and that he would have filed his notice of appeal within the thirty-day deadline of Appellate Rule 9(A) had his request for enlargement of time been denied by the trial court. On March 31, 2014, the trial court denied Rasaki's motion to correct error and request for hearing.

## DISCUSSION

The issue is whether the court abused its discretion in denying his motion to correct error following the summary denial of his petition for permission to file a belated notice of appeal. Generally, we review a trial court's denial of a motion to correct error for an abuse of discretion. Booher v. State, 773 N.E.2d 814, 817 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. James v. State, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007).

Ind. Post-Conviction Rule 2(l)(a) provides:

An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1)     the defendant failed to file a timely notice of appeal;
(2)     the failure to file a timely notice of appeal was not due to the fault of the defendant; and
(3)     the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. Johnson v. State, 903 N.E.2d 472, 474 (Ind. Ct. App. 2009) (citing Moshenek v. State, 868 N.E.2d 419, 423 (Ind. 2007), reh'g denied). There are no

6

set standards of fault or diligence, and each case turns on its own facts. Id. Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. Id. These include "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." Id.

The decision whether to grant permission to file a belated notice of appeal is generally within the sound discretion of the trial court. Johnson, 903 N.E.2d at 474 (citing Moshenek, 868 N.E.2d at 422). Here, however, the trial court did not hold a hearing before denying Rasaki's petition; therefore, the only basis for its decision was that contained in the paper record attached to his petition. See Baysinger v. State, 835 N.E.2d 223, 224 (Ind. Ct. App. 2005). Where a trial court does not hold a hearing before ruling on a defendant's petition to file a belated appeal, we owe no deference to the trial court's factual determinations and review a denial of a defendant's petition *de novo*. Moshenek, 868 N.E.2d at 422; Bosley v. State, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007).

Post-Conviction Rule 2 does not require the court to conduct a hearing, but a hearing should be held where the petition raises a genuine factual dispute concerning the existence of grounds for relief. Green v. State, 593 N.E.2d 1237, 1238 (Ind. Ct. App. 1992), trans. denied. In determining the existence of a genuine dispute the court is entitled to consider the court's records in the case. Id. "A petitioner may not create a genuine factual dispute simply by the expedient of averring that what he previously said

7

was untrue or that he was unadvised of something where the record clearly establishes the contrary." Id.

Rasaki does not challenge the authority of this court to act *sua sponte* in the prior decision, but believes that this court's *sua sponte* actions "directed at protecting the rights of criminal defendants who have been effectively denied due process, equal protection and hence, fair trial by trial courts would be a more valuable endorsement of United States Constitutional foundations than a highly technical and mechanical enforcement of non-challenged time deadlines." Appellant's Brief at 9. He contends that he was diligent based upon his filings of motions for enlargement of time in the trial court and that the delay was not undue and did not prejudice the parties.

The State argues that Rasaki was at fault for the delay and was not diligent in requesting permission to file a belated appeal. The State asserts that there is no evidence in the record that Rasaki asked his attorney to file a notice of appeal, that he attempted to file a notice of appeal during the 145-day delay, or that he asked his attorney to file a belated notice of appeal or attempted to file a belated notice of appeal for over two years. The State also argues that a hearing was not warranted because the petition did not raise a genuine factual dispute concerning the existence of grounds for relief.

The record reveals that Rasaki was sentenced on November 26, 2012. That same day, Rasaki filed a motion to correct error claiming that there was insufficient evidence to support his convictions. He filed a petition for post-conviction relief on November 27, 2012. On February 15, 2013, the court denied his motion to correct error. Rasaki filed multiple motions for extension of time which were granted by the trial court. On July 10,

2013, Rasaki filed a notice of appeal. While this court's prior decision held that the trial court improperly granted Rasaki's motions for enlargement of time, the trial court did grant these motions and the propriety of Rasaki's motions was not raised until it was done so *sua sponte* by this court in its decision on February 18, 2014. Seventeen days later, Rasaki filed a Verified Petition for Permission to File a Belated Notice of Appeal Pursuant to Post-Conviction Rule 2.

In his petition, Rasaki detailed his previous filings, attached this court's decision dismissing his prior appeal, and stated that "he has been diligent in requesting permission to file a belated notice of appeal as demonstrated by the aforementioned Court proceedings and pleadings." Appellant's Appendix at 108. He also alleged that the delay "did not evidence sleeping upon one's rights" and requested a hearing. Id.

Based upon the procedural history, including his motions for enlargement of time that were improperly granted, but nonetheless initially granted by the trial court, we conclude that the trial court erred in denying Rasaki's petition for permission to file a belated notice of appeal which he filed seventeen days after this court's prior decision.[2]

---

[2] To the extent the State cites Reid v. State, 883 N.E.2d 872 (Ind. Ct. App. 2008), and Beaudry v. State, 763 N.E.2d 487 (Ind. Ct. App. 2002), we find those cases distinguishable. In Reid, the defendant filed an unverified petition for permission to file a belated notice of appeal and did not include any facts or evidence in support of the petition. Unlike in Reid, Rasaki filed a verified petition, detailed his filings, and attached this court's prior decision. In Beaudry, a hearing was held on the defendant's petition for leave to file a belated appeal and the defendant presented no evidence that the delay in filing a direct appeal challenging the merits of his sentence was not his fault. Unlike in Beaudry, Rasaki did not have the benefit of a hearing in which to present evidence and argument in support of his petition to file a belated notice of appeal, and, moreover, he detailed his filings and attached this court's prior decision.

CONCLUSION

For the foregoing reasons, we reverse the trial court's denial of Rasaki's petition for permission to file a belated notice of appeal and remand for proceedings consistent with this opinion.

Reversed and remanded.

BARNES, J., and BRADFORD, J., concur.