James P. TOLSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 85A04–9510–CR–395.

Court of Appeals of Indiana.

May 29, 1996.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

DARDEN, Judge.

### *STATEMENT OF THE CASE*

James P. Tolson appeals from the trial court's denial of his petition to file a belated praecipe or a belated motion to correct errors.

We reverse.

### *ISSUE*

Whether the trial court abused its discretion in denying Tolson's motion.

### *FACTS*

A jury convicted eighteen year-old Tolson of rape and child molesting on February 24, 1993. Tolson has a learning disability, a verbal I.Q. of 74, functions at the borderline of intellectual ability, has been held back in school twice, and has an eighth grade education. He received a ten year and a four year sentence, to be served concurrently. At the sentencing hearing, the trial court explained to Tolson:

You are entitled to challenge the judgment of conviction of the Court, but to do so you must take an appeal or file a Motion to Correct Errors within thirty days of today. If you wish to take an appeal, you must file a praecipe which is just a formal request designating what is to be included in the record of proceedings on appeal within thirty days of this date or within thirty days after the Court rules on a Motion to Correct Errors if a Motion to Correct Errors is filed in the case. If you do not file a praecipe requesting the record, the right to appeal would be forfeited. If you are financially unable to employ an attorney, the Court would appoint an attorney to represent you at public expense for the purpose of filing the Motion to Correct Errors and for taking an appeal in this case. Now having explained all that to you, have you previously discussed that with your attorney?

MR. EDDINGFIELD [Tolson's attorney]: We've spoken about it briefly, Your Honor. We were waiting to see what transpired here today.

THE COURT: All right. Is he ready to make a decision today about it?

MR. EDDINGFIELD: I don't believe that he is. I think we need to discuss it further given the circumstances of today's hearing.

THE COURT: All right. If you do wish to take an appeal, then you will need, as I said, notify the Court fairly quickly especially if you're going to want appointed counsel and you can't have someone else representing you on the appeal because I would need to appoint counsel so that they would have time to do the things necessary to perfect the appeal.

(R. 88–90).

Trial counsel testified that he spoke with Tolson directly after the sentencing hearing and that no decision was reached concerning an appeal. Trial counsel did not speak with Tolson again within the thirty-day period following the sentencing. Trial counsel did, however, speak with Tolson's family whom he told he "didn't feel there were any grounds, substantial grounds that we had to go on by virtue of appeal and that our best bet would be to show that there was some collusion or some, I guess some misrepresentation by one or more of the witnesses at the time of trial and to work on that and try to develop some relief for James from that standpoint. . . ." (R. 95–6).

Tolson, however, "believed that [trial counsel] was going to take the necessary steps to appeal [his] convictions." (R. 24). Furthermore, Tolson's family, who paid for his private trial counsel, was under the same impression. The family paid trial counsel an extra $1,500.00 to pursue what they believed to be an appeal, although trial counsel testified the money was the balance of his fees for services already rendered. In addition, forty to sixty days after Tolson's sentencing, the family told trial counsel about several potential witnesses who possessed "new" evidence. The family also transported these witnesses to trial counsel's office to make affidavits from which trial counsel eventually prepared a "Verified Petition for Relief" which he took to Tolson in February of 1994, for his signature. Eventually, put off with the lack of communication from trial counsel, the family sought the advice of a second attorney, who reported that nothing had been filed in Tolson's case and that he was unable to determine what trial counsel was intending to request in the "Verified Petition for Relief."

While Tolson's family was attempting to gather the money to hire the second attorney to seek relief for Tolson, Tolson wrote a letter to the Indiana Public Defender in the late spring of 1994. After an ongoing series of communications, a deputy public defender was appointed to assist Tolson in his search for relief. Accordingly, a verified petition for permission to file a belated praecipe or belated motion to correct error accompanied by Tolson's affidavit was filed on his behalf on February 8, 1995. After a hearing wherein trial counsel, the second attorney, and Tolson's mother, father and sister testified, the trial court denied the petition, finding:

The Defendant has failed to establish by a preponderance of the evidence that he was without fault and that he was diligent in pursuing an appeal herein. The Court finds that the Defendant was informed of his right to appeal, the right to appoint-

ment of counsel to pursue appeal and that he knowingly thereafter waived appeal after consulting with counsel and deciding that another avenue of attack upon his conviction would be appropriate.

(R. 9).

## DECISION

Tolson now claims the trial court abused its discretion in denying his motion.

Ind. Post–Conviction Rule 2(1) provides in pertinent part:

Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe for appeal of the conviction may be filed with the trial court, where:

(a) the failure to file a timely praecipe was not due to the fault of the defendant; and

(b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule.

The trial court shall consider the above factors in ruling on the petition.

Ind. Post–Conviction Rule 2(2) provides in pertinent part:

Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion to correct error addressing the conviction, where:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to timely file a motion to correct error was not due to the fault of defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

Tolson has the burden of proving his grounds for relief by a preponderance of the evidence. *Land v. State*, 640 N.E.2d 106, 108 (Ind.Ct.App.1994), *reh'g denied, trans. denied*. Deciding whether the defendant is responsible for the delay is within the trial court's discretion. *Id.* A defendant must be without fault in the delay of filing. *Id.*

There are no set standards defining delay or diligence; each case must be decided on its own facts. *Id.* Factors affecting the determination include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay. *Id.*

Here, there simply is no evidence that Tolson himself "knowingly waived appeal after consulting with counsel and deciding that another avenue of attack upon his conviction would be appropriate." Rather, our review of the record reflects that trial counsel did not recount the nature of his conversation with Tolson subsequent to the sentencing hearing other than to say "I don't believe any decision [with respect to an appeal] was made at that time." (R. 94). Furthermore, the record actually reflects that trial counsel discussed his concerns about the potential success of an appeal with Tolson's family.

A review of the factors outlined in *Land* as affecting the determination of whether a defendant was at fault for the delay or was diligent reveals that neither Tolson nor his family was aware of the differences between an appeal and post-conviction relief. Tolson was an eighteen year-old with a low I.Q. and an eighth grade education at the time of sentencing. Although he was informed of his right to appeal by the trial court, Tolson had not previously been convicted of a felony, nor is there any evidence that he "committed an act or omission which contributed to the delay."

Rather, the evidence reveals that Tolson and his family were diligent in seeking relief for the convictions. For example, they all believed trial counsel was taking the necessary steps to appeal Tolson's convictions, and the record demonstrates their cooperation, with respect to money and witnesses, in those efforts. When the family became dissatisfied, it sought the advice of a second attorney. In the meantime, Tolson began correspondence with the Indiana Public Defender which ultimately led to the filing of the motion to file a belated praecipe or motion to correct errors now before us.

■ Under these circumstances, we conclude the trial court abused its discretion in denying Tolson's motion.[1]

Reversed.

RILEY and STATON, JJ., concur.

---

1. Tolson also claims that trial counsel was ineffective for his failure to initiate a timely appeal. Claims concerning ineffective assistance of counsel are evaluated using the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, Tolson must show that his attorney's performance fell below an objective standard of reasonableness, *Id.* at 687–91, 104 S.Ct. at 2064–67, and that this substandard performance deprived him of a fair proceeding. *Id.* at 691–96, 104 S.Ct. at 2066–69. Even assuming trial counsel was ineffective for failing to initiate an appeal, Tolson alleges no prejudice other than his lost opportunity to appeal his convictions directly. Our decision today eliminates that potential prejudice.

