Steven L. BAYSINGER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 01A02–0504–CR–302.

Court of Appeals of Indiana.

Oct. 6, 2005.

Steven L. Baysinger, Carlisle, IN, pro se.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Steven Baysinger appeals the denial of his petition to file a belated notice of appeal. We reverse.

### Issue [1]

Baysinger raises one issue, which we restate as whether the trial court properly

---

1. Baysinger's brief includes a footnote that makes reference to the violation of several Indiana and United State Constitutional rights. His failure to provide us with cogent argument and citation to authority waives this issue. *See* Ind. Appellate Rule 46(A) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . .").

denied his petition to file a belated notice of appeal.

## Facts

On January 23, 2001, Baysinger pled guilty to murder in an "open plea." Pursuant to the plea agreement, the charge of conspiracy to commit murder was dismissed. The trial court then sentenced Baysinger to the maximum sentence of sixty-five years.

On March 1, 2005, Baysinger petitioned the trial court to file a belated notice of appeal. Baysinger attached to his petition transcripts of the guilty plea and sentencing hearings and an affidavit. On March 8, 2005, the trial court found that there were no grounds for permitting Baysinger to file a belated notice of appeal and denied his petition. Baysinger now appeals.

## Analysis

Baysinger sought permission to file a belated notice of appeal to challenge his sentence. His petition was based on the premise that neither the trial court nor defense counsel informed him of his right to appeal the sentence when he pled guilty. Baysinger argues that the trial court improperly denied his petition to file a belated notice of appeal.

Indiana Post–Conviction Rule 2 permits a defendant to seek permission to file a belated notice of appeal. This rule provides in part:

> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post–Conviction Rule 2.

■ Although there are no set standards defining delay and each case must be decided on its own facts, a defendant must be without fault in the delay of filing the notice of appeal. *See Tolson v. State,* 665 N.E.2d 939, 942 (Ind.Ct.App.1996). Factors affecting this determination include the defendant's level of awareness of his or her procedural remedy, age, education, familiarity with the legal system, whether he or she was informed of his or her appellate rights, and whether he or she committed an act or omission that contributed to the delay. *Id.*

In the past, we have concluded that whether a defendant is responsible for the delay is a matter within the trial court's discretion. *Id.* Although we acknowledge that the trial court is generally in a better position to weigh evidence and judge witness credibility and we defer to that discretion, such is not always the case. Here, for example, the trial court did not hold a hearing before denying Baysinger's petition; therefore, the only basis for its decision was that contained in the paper record attached to his petition. Because we are reviewing the same information that was available to the trial court, we owe no deference to its findings. *See Houser v. State,* 678 N.E.2d 95, 98 (Ind.1997) (addressing proper standard of review of a trial court's finding of substantial evidence for issuing a warrant based on its review of the paper record submitted to the magistrate). Thus, we review the denial of Baysinger's petition de novo. *See id.*

■ In addressing Baysinger's petition to file a belated notice of appeal, we point out that we are most familiar with *Collins v. State,* 817 N.E.2d 230, 233 (Ind.2004), in which our supreme court recently clarified

the proper procedure for challenging a sentence following a guilty plea when the defendant alleges that he or she has not been informed of the right to appeal the sentence. The *Collins* court acknowledged that such claims may not be raised in a petition for post-conviction relief and observed:

> The fact that the trial court at a guilty plea hearing does not advise the defendant in an open plea situation that the defendant has the right to appeal the sentence to be imposed does not warrant an exception to the rule that sentencing claims must be raised on direct appeal. This is because Indiana Post–Conviction Rule 2 will generally be available to an individual in this situation.

*Id.* (footnote omitted).

The court further explained:

> Post–Conviction Rule 2 permits an individual convicted after a trial or guilty plea who fails to file a timely notice of appeal to petition for permission to file a belated notice of appeal where the failure to file a timely notice of appeal is not the fault of the individual; and the individual is diligent in requesting permission to file a belated notice of appeal.

*Id.* Finally, the court held, "that the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P–C. R. 2." *Id.* Based on *Collins,* Baysinger's petition to file a belated notice of appeal was the proper method by which to challenge his sentence.

■ In addressing the merits of Baysinger's claim, the State contends that the only evidence Baysinger offered in support of his petition was his own affidavit. To the contrary, Baysinger included transcripts of his guilty plea and sentencing hearings as exhibits attached to his petition in addition to his affidavit. *See* Appellee's App. pp. 103–169. Given the procedural posture of Baysinger's sentencing challenge, we are unaware of any additional information that he could have attached in support of his petition.

The State also asserts, "Baysinger avers that his appellate counsel failed to inform him of his right to appeal his sentence and that he was unaware of said right until January 31, 2005." Appellee's Br. p. 4. Baysinger's affidavit states: "That Mr. S. Daniel Weldy, III, failed to inform me of my right to appeal the sentencing." Appellant's App. p. 168. However, his petition clearly provides that S. Daniel Weldy was trial counsel, not appellate counsel. There is no indication that Baysinger sought or received the advice of appellate counsel.

More important to our consideration, however, is the information given to Baysinger at the guilty plea hearing when the trial court questioned Baysinger as follows:

> The Court: .... Do you understand that if you have a trial and are found guilty, that you have a right to an appeal [sic] your conviction to either the supreme court or the court of appeals and you have a right to an attorney for that appeal. Do you understand that?
>
> Defendant: Uh-huh.
>
> Trial Court: But if you plead guilty, most, not all, but most of the reasons for appeal disappear after today. Do you understand that?
>
> Defendant: Yes I do.

Appellant's App. pp. 111–112. Baysinger's right to challenge his sentence on appeal was not further addressed at the guilty plea hearing or the sentencing hearing.

It is clear that a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised its discretion. *Collins,* 817 N.E.2d at 231. Here, the trial court failed to inform Baysinger of his right to appeal his sentence and instead informed him that by pleading guilty he was giving up "most" of his grounds for appeal. Appellant's App. p. 112. The trial court's advisement provides insufficient guidance to a defendant who is pleading guilty as to what claims may or may not be available for appeal. This, taken with Baysinger's assertion that trial counsel did not inform him of his right to appeal his sentence, leads us to conclude that the failure to file a timely notice of appeal was not due to the fault of Baysinger.

We further conclude that upon learning of the proper method for challenging his sentence, Baysinger diligently sought permission to file a belated notice of appeal under Indiana Post–Conviction Rule 2. *Collins* was handed down on November 9, 2004. Baysinger's affidavit indicates that he only learned of his right to challenge his sentence after he read *Collins* on January 31, 2005. Shortly thereafter, on March 1, 2005, Baysinger filed his pro se petition with the trial court. Baysinger promptly sought permission to file a belated notice of appeal. Because Baysinger's failure to file a timely notice of appeal was not due to his own fault and he was diligent in pursuing permission to file a belated notice of appeal, the trial court improperly denied his petition.

### Conclusion

Baysinger's failure to file a timely notice of appeal was not due to his own fault, and he diligently pursued permission to file a belated notice of appeal. The trial court improperly denied his petition. We reverse.

Reversed.

CRONE, J., and NAJAM, J., concur.