# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**LLOYD E. SALLY**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK L. JORDAN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1212-CR-646 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr. Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G04-0802-FC-22

**May 22, 2013**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, before a criminal defense attorney could file a notice of appeal on behalf of his client, he was fighting for his life against a recurrence of cancer to which he succumbed only a few months later. His client, appellant-petitioner Mark Jordan, who had been ill-informed and apparently mistaken regarding the details and status of his appeal, filed a petition for relief under Indiana Post-Conviction Rule 2, seeking to file a belated appeal. The trial court denied this petition without a hearing or specific findings.

We conclude that this was error, inasmuch as Jordan was without fault in failing to file a timely notice of appeal in light of his attorney's terminal illness. Accordingly, we reverse and remand for further proceedings consistent with this appeal.

FACTS

On January 27, 2010, a jury convicted forty-one-year-old Jordan of five counts of class C felony burglary, two counts of class D felony theft, and two counts of class D felony auto theft. On June 4, 2010, Jordan was sentenced to a twenty-three-year executed sentence. After the trial court imposed the sentence, the following colloquy occurred between the trial court, Jordan, and Jordan's attorney, Frederick Work:

> [THE COURT:] If you wanted to appeal, you would have to do it within thirty days of today's date. If you do not, your appeal rights will forever be barred. In the event you did wish to appeal and could not afford a lawyer to represent you, the Court would appoint a lawyer to represent you at [no] cost to you (sic). Do you wish to appeal, sir?
>
> [JORDAN:] Yes.

[MR. WORK:]  Judge, we have thirty days to make that determination. And if we could, I would ask that we be allowed to make that determination after consultation between the two of us.

[THE COURT:]  All right (sic).  He just indicated he wanted to.  Were you going to represent him should he choose to appeal or is he going to require [an] appellate public defender?

[MR. WORK:]  At this point, I've talked to the family.  If there is going to be an appeal, I would handle it.

[THE COURT:]  If there is going to appeal what?

[MR. WORK:]  If there is going to be an appeal, at this point, I've talked to the family and the family is going to retain me for that purpose.  However, that decision had not been made yet, Judge.

Appellant's App. p. 471-72.

Following Jordan's sentencing, Work requested additional payment to continue representing Jordan throughout the appeal.  Barbara Jordan, Jordan's mother, paid Work the additional funds to retain Work to pursue the appeal.

On July 29, 2010, Work was admitted into the University of Chicago Hospital for surgery to treat a recurrence of cancer.  Before Work's admission to the hospital, he had to undergo several weeks of testing to prepare for the surgery.

On August 29, 2010, Work was transferred to the Progressive Rehabilitation Center in Merrillville but was transferred to Methodist Hospital on September 13, 2010, where he passed away.

During the time that Work was battling cancer, the trial court recorded no significant activity on Jordan's case following the sentencing hearing until August 24,

2010. On that day, the trial court received a letter from Jordan sent from the Westville Correctional Facility, inquiring whether an appeal had been filed on his behalf. In the letter, Jordan stated that he thought that his family had not retained Work, reminded the trial court that he had stated that he wanted to appeal at his sentencing hearing, and urged the trial court to appoint a public defender if Work had not filed an appeal on his behalf.

The trial court denied Jordan's requests. An August 24, 2010 entry in the Chronological Case Summary indicates that the trial court notified Jordan that he had been advised during his sentencing hearing that his requests must have been made within thirty days.

On September 23, 2010, Jordan filed a pro se motion to compel production of attorney files, seeking to obtain the documents within his file. Between this filing and January 2012, Jordan filed various pro se motions and requests for documents. On January 19, 2012, Jordan filed his pro se petition for post-conviction relief, which the trial court forwarded to the public defender.

On October 29, 2012, Jordan, now represented, filed his petition for post-conviction relief, seeking permission to file a belated notice of appeal. Jordan attached to his petition an affidavit from his mother, Barbara, stating that she had paid Work to represent Jordan through the appeal process. Jordan also included an affidavit from Beverly Work, his former attorney's widow, averring to Work's struggle with cancer during the summer of 2010 until his passing in September 2010.

4

On November 29, 2012, the State filed its answer, and without a hearing or specific findings, the trial court issued an order denying Jordan's petition for post-conviction relief. Jordan now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Generally, this Court defers to the trial court's discretion regarding whether a petitioner has met his burden under Post-Conviction Rule 2. Baysinger v. State, 835 N.E.2d 223, 224 (Ind. Ct. App. 2005). However, where the trial court does not hold a hearing before denying a Post-Conviction Rule 2 Petition, "the only basis for its decision was that contained in the paper record attached to the petition. Because we are reviewing the same information that was available to the trial court, we owe no deference to its findings." Id. Therefore, this Court's review is de novo. Id.

### II. Post-Conviction Rule 2

Indiana Post-Conviction Rule 2(1) provides in relevant part:

An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant had been diligent in requesting permission to file a belated notice of appeal under this rule.

\*\*\*

5

If the trial court finds that [these requirements] are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny the petition.

At the outset, we observe that the State does not dispute that Jordan was diligent in requesting permission to file his appeal. Thus, the sole issue with which we are presented was whether Jordan's failure to file a timely notice of appeal was his fault.

Factors affecting whether a petitioner is responsible for the delay include whether the court informed the petitioner of his appellate rights, whether the petitioner committed an act or omission that contributed to the delay, the petitioner's level of awareness of his procedural remedy, his age, education, and familiarity with the legal system. Baysinger, 835 N.E.2d at 224. Nevertheless, each case must be decided on its own facts. Tolson v. State, 665 N.E.2d 939, 942 (Ind. Ct. App. 1996).

In the instant case, at the conclusion of Jordan's sentencing hearing, the trial court advised Jordan that he had thirty days to appeal its decision and asked Jordan if he desired to appeal. Appellant's App. p. 471. Jordan responded that he wanted to appeal, but Work intervened, stating that they had thirty days to make that determination and that he would like that time to discuss the possibility of an appeal with Jordan and his family. Id. at 471-72.

Then Jordan was imprisoned, appellant's app. p. 4, and it appears that he was not adequately informed regarding the status of his appeal. This is evidenced by the fact that although Jordan's mother paid Work to appeal Jordan's case, Jordan was not aware of this as he indicated in his August 24, 2010 letter to the trial court in which he requested a

6

public defender. Id. at 538, 542. And while Jordan's family thought that Work was preparing Jordan's appeal and Jordan was imprisoned, Work was actually fighting a reoccurring cancer which forced him to undergo surgery in July 2010, and which eventually took his life in September 2010. Id. at 538-41. In light of these facts, we conclude that Jordan was without fault in failing to file a timely notice of appeal.

Nevertheless, the State argues that based on the factors listed above, the trial court did not err in denying Jordan's petition. More particularly the State highlights the fact that the trial court informed Jordan of his appellate rights, including his right to a court-appointed attorney if he could not afford one. Additionally, the State focuses on the fact that there is no evidence that Jordan failed to understand those rights. Furthermore, the State points out: "As a habitual offender with ten prior felony convictions, Jordan was quite familiar with the legal system. He was also forty-one years old at the time of sentencing, and had completed a G.E.D." Appellee's Br. p. 8 (internal citations omitted).

Although a rigid application of those factors to the facts of this case may lead to the result reached by the trial court, as stated above, each case must be decided on its own facts. To be sure, those factors certainly excluded the indispensable fact that Jordan's attorney became terminally ill almost immediately following Jordan's sentencing hearing. In short, we decline to say that a post-conviction petitioner is at fault for failing to file a timely notice of appeal when his attorney becomes terminally ill shortly after the sentencing hearing, and the petitioner is incarcerated.

The judgment of the post-conviction court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

MAY, J., and MATHIAS, J., concur.