**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANDREW T. STOUT, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )　No. 62A01-1305-CR-222 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Lucy Goffinet, Judge
Cause No. 62C01-1109-FB-636

**February 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Andrew T. Stout appeals the denial of his motion to withdraw his guilty pleas for burglary as a class B felony and theft as a class D felony. Stout raises one issue which we revise and restate as whether the trial court abused its discretion in denying his request to withdraw his guilty pleas. On cross-appeal, the State asserts that the trial court abused its discretion by allowing Stout to file a belated notice of appeal. We affirm.

FACTS AND PROCEDURAL HISTORY

On September 9, 2011, the State charged Stout with Count I, burglary as a class B felony; and Count II, theft as a class D felony under cause number 62C01-1109-FB-636 ("Cause No. 636"). Count I alleged that between July 1, 2011, and July 6, 2011, Stout broke and entered the dwelling of Daniel Blandford with the intent to commit a felony therein. Count II alleged that on the same date, time, and location he knowingly exerted unauthorized control over Blandford's property including custom fishing poles, tackle, power tools, leaf blowers, a saw, and firearms. On March 2, 2012, the court released Stout on bond with the conditions that he be employed full-time, participate in the Perry County Community Corrections Day Reporting Program, and be placed on GPS House Monitoring through community corrections and to be either at home or at work. On April 4, 2012, Stout filed a motion to allow him to attend Narcotics Anonymous meetings, and the trial court granted the motion on April 9, 2012.

On April 18, 2012, Stout filed a plea agreement in which he agreed to plead guilty as charged and the State agreed that he would be sentenced to the Department of Correction for concurrent executed terms of six years on Count I and two years on Count II for an aggregate sentence of six years.

2

That same day, the court held a pretrial conference with respect to Cause No. 636 and six other causes involving Stout. Stout indicated that he wished to plead guilty in this cause as well as other causes. The court informed Stout of his rights including the right to an appeal, and Stout indicated that he understood his rights. The court informed Stout that he would be giving up his rights as a result of his plea of guilty. Stout indicated that no one threatened him into pleading guilty and that he was pleading guilty voluntarily. The court found that Stout's pleas were made knowingly, voluntarily, and intelligently. The court also indicated that it was taking the plea agreement under advisement, ordered the probation department to prepare a presentence investigation report, and scheduled a sentencing hearing for May 16, 2012.

On May 9, 2012, Stout filed a verified motion to withdraw guilty plea and plea agreement in Cause No. 636 as well as three other cause numbers, alleging that the State's best interest and Stout's rehabilitation would be better served by a direct commitment to house arrest under the supervision of the Perry County Community Corrections Program where he could continue to work and attend Narcotics Anonymous meetings.

On May 22, 2012, the court held a hearing on Stout's motion. Stout's mother testified that she believed that Stout could be better rehabilitated by continuing under the community corrections program and that it would be helpful to have him continue with his program so that he could help her. Francis Heeke, a volunteer at the jail, testified that he counseled Stout and that it would be in his best interest to be able to work, continue counseling, and develop beneficial character qualities. Eric Doogs, Stout's employment

3

supervisor, testified that Stout was serious and committed to his rehabilitation and had been a great employee. Dale Sprinkle, a part owner of the business that employed Stout, testified that he hoped that the court would "give [Stout] a chance to continue where he's at and see how he would perform." Id. at 44.

Stout testified that he discussed the plea agreement and his pleas extensively with his attorney, that he decided he wanted to seek substance abuse treatment on his own, he had been attending substance abuse classes three times a week, and he wanted to continue with his path of rehabilitation at the local level rather than going back to the Department of Correction. On cross-examination, Stout indicated that he previously pled guilty to a number of burglaries and thefts and was originally given the opportunity to be on probation but behaved in such a manner that the State then had to file a notice of violation of probation, and he was placed in the Department of Correction. Stout also conceded that he had been out of jail for approximately six weeks between March 2nd and April 18th, the day that he pled guilty. When asked what changed in the twenty-one days between his guilty plea on April 18th and his motion to withdraw his plea on May 9th, Stout answered: "That's hard to describe. It's just 10 years. It's a long time, and I've just been doing real good, and I would like to, you know, for everything I've been doing out here now to be considered." Id. at 55.

The court found that Stout failed to present any fair or just reason to grant his motion and then sentenced him to six years for Count I, burglary as a class B felony, and a concurrent sentence of two years for Count II, theft as a class D felony. The court also sentenced him in other cause numbers including a sentence of four years in one cause to

4

be served consecutive to the sentences under Cause No. 636 for an aggregate sentence of ten years. After entering the sentences, the trial court did not inform Stout that he had the right to appeal. On May 24, 2012, the court entered a judgment order.

On August 22, 2012, Stout, *pro se*, filed a motion for modification of sentence and a petition for home detention. On October 3, 2012, Stout, *pro se*, filed a petition to run sentences concurrent under Cause No. 636 as well as other cause numbers. On November 27, 2012, Stout, *pro se*, filed a motion for alternative placement. On November 29, 2012, the court denied Stout's motion for modification of sentence and petitions for home detention and to run sentences concurrent. On December 4, 2012, the court denied Stout's motion for alternative placement.

On December 17, 2012, Stout filed a verified motion for appointment of counsel. On December 27, 2012, the court appointed the Public Defender of Indiana. On January 7, 2013, the Public Defender filed acceptance of appointment and formal notice of appointment of outside counsel. That same day, Stout filed a notice of appeal of the court's December 4, 2012 order denying his motion for alternative placement.[1]

On April 12, 2013, Stout filed a verified motion for leave to file a belated notice of appeal. The motion alleged that the court appointed the Public Defender to represent him on December 27, 2012, which was two days prior to the deadline for filing a timely notice of appeal with respect to the motions denied on November 29, 2012, and that the Public Defender did not receive notice of the appointment until after the deadline for

---

[1] The appellant's appendix contains a notice of appeal without a file stamp and without a cause number. The table of contents indicates the notice was filed on January 3, 2013. According to the chronological case summary, the notice of appeal was filed on January 7, 2013.

filing a timely notice of appeal. The motion indicated that Stout's appellate counsel filed a notice of appeal challenging the trial court's denial of the motion for alternative placement, that such an appeal proceeded, that Stout was unaware of his right to appeal the denial of his motion to withdraw his guilty plea, and that once appellate counsel reviewed the transcript and discovered "the trial court's lack of appellate advisements or Stout's forced waiver of his appellate rights," Stout was then advised for the first time as to his appellate rights with regard to his original sentence. Appellant's Appendix at 164. The motion alleged that immediately after receiving Stout's response, appellate counsel filed a verified petition to remand to allow the filing of a belated notice of appeal in the Court of Appeals on March 18, 2013, and this court granted that request by order dated April 1, 2013. The motion further stated that Stout acted expeditiously in requesting permission to file a belated notice of appeal and would be prejudiced irreparably if the court did not allow the filing. On April 15, 2013, the court granted Stout's motion for leave to file a belated notice of appeal. On May 15, 2013, Stout filed a belated notice of appeal from the orders dated May 24, 2012; November 29, 2012; and December 4, 2012.

DISCUSSION

I.

We first address the State's argument that the trial court abused its discretion by granting Stout's motion for a belated appeal because, if it has merit, it would be dispositive of Stout's claims. Generally, the decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. Moshenek v. State, 868 N.E.2d 419, 422 (Ind. 2007), reh'g denied.

6

However, if the trial court does not hold a hearing before granting or denying a petition to file a belated notice of appeal, the appellate court owes no deference to the trial court's decision, and the review of the granting of the petition is *de novo*.  Baysinger v. State, 835 N.E.2d 223, 224 (Ind. Ct. App. 2005).  Here, Stout filed a verified motion for leave to file a belated notice of appeal on April 12, 2013, and the court granted the motion on April 15, 2013.  The State indicates that no hearing was held on the petition, Stout does not dispute this fact, and our review of the record does not reveal that a hearing was held.  Therefore, we will review the trial court's grant of the petition *de novo*.  See id.

Ind. Post-Conviction Rule 2 permits a defendant to seek permission to file a belated notice of appeal and provides:

(a)  Required Showings.  An eligible defendant[2] convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1)  the defendant failed to file a timely notice of appeal;

(2)  the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3)  the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

"The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal."  Moshenek, 868 N.E.2d at 422-423.  There are no set

---

[2] "An 'eligible defendant' for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Ind. Post-Conviction Rule 2.

7

standards of fault or diligence, and each case turns on its own facts. Id. at 423. The Indiana Supreme Court has held that several factors are relevant to the defendant's diligence and lack of fault. Id. "These include 'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'" Id. (citing Tredway v. State, 579 N.E.2d 88, 90 (Ind. Ct. App. 1991), trans. denied). The Court also set forth factors specifically related to diligence. Id. at 424. "Among them are the overall passage of time; the extent to which the defendant was aware of relevant facts; and the degree to which delays are attributable to other parties . . . ." Id.

The State concedes that the preponderance of the evidence showed Stout was without fault at the time of his sentencing hearing, but argues that Stout failed to satisfy the second prong of the rule and show he was diligent in requesting to file a belated notice. The State argues that Stout does not explain why his first attempt to seek modification of his sentence occurred three months after his sentencing hearing. The State also argues that Stout has had cases disposed by a plea agreement and that "it is plain that [Stout] has had extensive experience in the criminal justice system such that he would be aware that any act of discretion by a judge is subject to review by this Court whether or not he is specifically advised to that effect in a given case." Appellee's Brief at 8-9. Stout points out that the trial court did not inform him of the right to appeal the denial of his motion to withdraw his guilty pleas and argues that the court did not err in granting him permission to file a belated notice of appeal.

The record reveals that the court informed Stout of his rights including the right to an appeal at the guilty plea hearing and that Stout would be giving up his rights as a result of his plea of guilty. After entering the sentence, the trial court did not inform Stout that he had the right to appeal. Nor does the written judgment order inform Stout of his right to appeal. Stout filed three *pro se* motions regarding his sentence within a little over six months of the trial court's sentencing order before filing a motion for appointment of counsel.

The verified motion for leave to file a belated notice of appeal alleged that Stout was unaware of his right to appeal the denial of his motion to withdraw his guilty plea, that once appellate counsel reviewed the transcript in the appeal of the denial of his *pro se* motion for alternative placement and discovered "the trial court's lack of appellate advisements or Stout's forced waiver of his appellate rights," Stout was then advised for the first time as to his appellate rights with regard to his original sentence, and that appellate counsel immediately filed a petition to remand to allow the filing of a belated notice of appeal and subsequently filed the verified motion for leave to file a belated notice of appeal. Under the circumstances, we cannot say that the court erred in granting Stout's permission to file a belated notice of appeal.

## II.

The next issue is whether the trial court abused its discretion in denying his request to withdraw his guilty pleas. Ind. Code § 35-35-1-4(b) governs motions to withdraw guilty pleas filed after a defendant has pled guilty but before the trial court has imposed a sentence. The trial court must allow a defendant to withdraw a guilty plea if

9

"necessary to correct a manifest injustice." Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001) (quoting Ind. Code § 35-35-1-4(b)). By contrast, the trial court must deny the motion if withdrawal of the plea would "substantially prejudice" the State. Id. (quoting Ind. Code § 35-35-1-4(b)). In all other cases, the trial court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." Id. (quoting Ind. Code § 35-35-1-4(b)). A defendant has the burden to prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea. Ind. Code § 35-35-1-4(e); Smith v. State, 596 N.E.2d 257, 259 (Ind. Ct. App. 1992).

"Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision faces a high hurdle under the current statute and its predecessors. Coomer v. State, 652 N.E.2d 60, 62 (Ind. 1995). "The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling." Id. We will reverse the trial court only for an abuse of discretion. Id. In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." Id. See also Davis v. State, 770 N.E.2d 319, 326 (Ind. 2002) (holding that a trial court's decision on a request to withdraw a guilty plea is presumptively valid, and a party appealing an adverse decision must prove that the court has abused its discretion), reh'g denied.

Stout argues that he proved by a preponderance of the evidence a fair and just reason for withdrawal of his guilty plea because the evidence supported placement of him

10

on home detention or in another community corrections program. Specifically, he argues that by the time of the sentencing hearing, he was demonstrating a deep and sincere desire to change his life, he had made himself indispensable to his employer, and he was aggressively pursuing recovery for the addictions which had plagued him as a teenager and young adult. Stout notes that absent the withdrawal of the plea agreement, he could not continue on home detention through Perry County Community Corrections despite his success in that program since his release from jail.

Stout further contends that the State would not have suffered any prejudice from the withdrawal of his guilty plea. He points out that he filed his motion to withdraw his guilty plea only twenty-one days after he pled guilty, and contends that the withdrawal was not prejudicial because no trial date was pending and, if he was sentenced to home detention or another community corrections program, the State would save money.

The State argues that Stout failed to show a manifest injustice in the acceptance of his plea and a fair or just reason for withdrawing the plea. The State contends that the trial court was entitled to find there was no manifest injustice to correct because the plea hearing contained the advisements required by Ind. Code § 35-35-1-2 and Stout did not display any uncertainty about what he was pleading to or the ramifications of pleading guilty. The State also points out that the prosecutor had expressed the intention to take the causes to trial with a potential sentence far exceeding ten years and that there was no certainty that Stout would have been granted home detention following a trial. The State concedes that the record indicates that Stout had done well on home detention pending resolution of the cases, but points to Stout's criminal history and argues that "the weight

11

attributable to this short stint of good behavior must be held in context and judged accordingly." Appellee's Brief at 11 n.2.

Stout's criminal history indicates that he is not unfamiliar with the criminal justice system.[3] At the guilty plea hearing, he indicated that he wished to plead guilty in this cause as well as other causes. The court informed Stout of his rights, and Stout informed the trial court that he understood his rights, that no one threatened him to plead guilty and that he was pleading guilty voluntarily. The court found that Stout's pleas were made knowingly, voluntarily, and intelligently.

Based upon our review of the record and under the circumstances, we conclude that Stout has not overcome the presumption of validity accorded the trial court's denial of his petition to withdraw his guilty pleas. Such a denial was within the discretion of the court, and we cannot say its refusal to allow Stout to withdraw his guilty pleas constitutes manifest injustice. See Coomer, 652 N.E.2d at 63 (holding that the refusal to allow defendant to withdraw his guilty plea did not constitute manifest injustice); Jeffries v. State, 966 N.E.2d 773, 778 (Ind. Ct. App. 2012) ("Instances of manifest injustice may include any of the following, none of which are present here: a defendant is denied the effective assistance of counsel, the plea was not entered or ratified by the defendant, the plea was not knowingly and voluntarily made, the prosecutor failed to abide by the terms of the plea agreement, or the plea and judgment of conviction are void or voidable."), trans. denied.

---

[3] The presentence investigation report indicates that Stout has convictions for five counts of burglary as class C felonies and six counts of theft as class D felonies, and that his probation was revoked in April 2010.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Stout's petition to withdraw guilty pleas.

Affirmed.

ROBB, J., and BARNES, J., concur.