## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2015, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

C. Brent Martin
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roger Pringle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2015

Court of Appeals Case No.
03A01-1502-CR-78

Appeal from the Bartholomew Circuit Court; the Honorable Stephen R. Heimann, Judge;
03C01-1109-FD-5086

**May, Judge.**

[1] Roger Pringle appeals the denial of his motion for permission to file a belated appeal. As Pringle was not diligent in pursuing relief, we affirm.

## Facts and Procedural History

[2] On March 5, 2012, Pringle agreed to plead guilty to burglary. On April 4, 2012, the trial court held a sentencing hearing and sentenced Pringle to eighteen years incarceration. On June 4, 2012, Pringle, acting *pro se*, asked for a transcript of his guilty plea hearing and the record of proceedings. The trial court denied the motion on the ground there was "no action pending before the court requiring such a record." (App. at 6.) On July 31, 2012, Pringle, still *pro se*, filed a motion for sentence modification. The trial court denied the motion without a hearing. On November 26, 2012, Pringle filed a *pro se* petition for post-conviction relief.[1] Pringle listed as grounds for relief, among other things, "Sentencing errors," (*id*. at 139), and he requested appointment of counsel.

[3] On September 15, 2014, Pringle, by counsel, filed his verified Motion for Permission to File a Belated Notice of Appeal. The State objected, and the trial court denied his motion.

## Discussion and Decision

[4] When, as here, the trial court does not hold a hearing on a motion to file a belated notice of appeal, we are reviewing the same information available to the

---

[1] Neither party directs us to anything in the record that indicates whether or how the court ruled on the petition.

trial court.  Therefore, we review *de novo* the ruling on such a motion.[2]  *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind. 2009).

[5]  Indiana Post-Conviction Rule 2 provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if; (1) the defendant failed to file a timely notice of appeal; (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

[6]  The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing a belated appeal.  *Moshenek v. State*, 868 N.E.2d 419, 422-23 (Ind. 2007), *reh'g denied*.  There are no set standards of fault or diligence, and each case turns on its own facts.  *Id*. at 423.  Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing.  These include the defendant's level of awareness of his procedural remedy; the defendant's age, education,

---

[2]  The State asserts a ruling on a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2 is to be affirmed "unless it was based on an error of law or a clearly erroneous factual determination (often described in shorthand as 'abuse of discretion')," (Br. of Appellee at 6) (quoting *Moshenek v. State*, 868 N.E.2d 419, 423-24 (Ind. 2007)).  But that is not our standard for review of this case, as no hearing was conducted.  *Moshenek* was explicit that when there is no hearing our review is not so deferential:

> The trial court is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences.  *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).  In *Baysinger* [*v. State*, 835 N.E.2d 223 (Ind. Ct. App. 2005)], the trial court did not hold a hearing before denying the defendant's petition for permission to file a belated notice of appeal.  835 N.E.2d at 224.  The Court of Appeals owed no deference to the trial court's factual determinations because they were based on a paper record.

*Id*. at 424.

and familiarity with the legal system; whether the defendant was informed of his appellate rights; and whether the defendant committed an act or omission that contributed to the delay. *Id.*

[7] We acknowledge evidence Pringle is not well-educated. He dropped out of school in tenth grade and had been in special education classes due to learning disabilities. Still, we cannot find the trial court erred to the extent it determined Pringle was not diligent in pursuing permission to file a belated appeal.

[8] At Pringle's guilty plea hearing he was told a person who pleads guilty gives up the right to appeal the conviction but retains the right to appeal his sentence. Pringle was asked if he understood that, and he said he did. Pringle signed a Waiver of Rights document that advised him he was not waiving his right to appeal his sentence. He discussed the document with his counsel and he testified he did not have any questions about it. Pringle was aware of his appeal rights even though he was not again advised of those rights at his sentencing hearing.

[9] The record does not reflect Pringle planned to challenge his sentence on direct appeal. Two months after he was sentenced, Pringle requested a transcript of his guilty plea hearing and the "record of proceedings." (App. at 6.) In its Order denying permission to file the belated notice of appeal, the trial court found Pringle's objective for requesting the transcript and record was not to appeal his sentence but to prepare a petition for post-conviction relief.

[10] Over three months after he was sentenced, Pringle filed a motion for sentence modification, but did not attempt to appeal the sentence. Almost eight months after sentencing, Pringle petitioned for post-conviction relief. He raised a number of claims, one of which was "sentencing errors" in the form of an allegation the prosecutor[3] used as an aggravator the fact Pringle was on welfare. The transcript of the sentencing hearing reflects the trial court did not use that as an aggravator.

[11] Pringle had substantial familiarity with the legal system, which our Supreme Court recognized in *Moshenek* as a factor in determining diligence and lack of fault in the delay of filing. 868 N.E.2d at 423. While he has apparently never brought a direct appeal, he had numerous felony and misdemeanor convictions in Indiana and elsewhere. Pringle was aware of his right to appeal his sentence and had extensive experience with the criminal justice system, but he did not seek permission to file a belated appeal for over two years after he was sentenced. The trial court did not err in denying Pringle's motion and we therefore affirm.

[12] Affirmed.

Robb, J., and Mathias, J., concur.

---

[3] In the petition, "Judge Munroo" [sic] is crossed out and "prosecutor" is handwritten in its place. (App. at 143.)